UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WILLIAM L. MANNING,<br><br>    Plaintiff,<br><br>    v.<br><br>HERSHBERGER, ALLEN COUNTY JAIL, BISHOP, MATHIS, STOCKAMP, NURSE STAFF, DOCTOR, COMMUNICATION STAFF, and MAINTENANCE,<br><br>    Defendants. | CAUSE NO.: 1:23-CV-353-TLS-JEM |

**OPINION AND ORDER**

William L. Manning, a prisoner without a lawyer, filed a complaint. ECF No. 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Manning alleges that on August 7, 2023, he was injured at the Allen County Jail when he was taking a shower around 2:30 in the afternoon. He says he got soap in his eyes and went to sit on one of the chairs in the shower. He thought he was sitting in one of the taller chairs, but it was the shorter one. He fell backwards. Two of the legs of the chair bent with the force, and the chair collapsed. Manning alleges that the chair collapsed because it was missing the screw that was

supposed to hold the four legs together. A correctional officer who is not a defendant later told him he was wondering how long that chair was going to last, and he meant to order a new one.

As a pretrial detainee, Manning's claims are analyzed under the Fourteenth Amendment. *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (cleaned up). But the Fourteenth Amendment "prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (cleaned up). Inmates must be provided with "the minimal civilized measure of life's necessities," which includes "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (citations omitted). They must also be reasonably protected from a substantial risk of serious harm. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).

A pretrial detainee states a valid Fourteenth Amendment claim against an individual defendant by alleging that the defendant "did not take reasonable available measures to abate the risk of serious harm to [plaintiff], even though reasonable officers under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman v. Madison County*, 108 F.4th 561, 572 (7th Cir. 2024) (emphasis omitted). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a challenged condition is reasonable or whether it amounts to punishment, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020)

(citation omitted). Of note, "negligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353.

Manning may not proceed on a claim that the broken chair deprived him of the minimal civilized measure of life's necessities or presented a substantial risk of serious harm. While the chair presented some risk, as evidenced by Manning's injuries, a wobbly, unstable chair is not of constitutional magnitude. The Fourteenth Amendment does not constitutionalize tort law, just because an injury happens in a jail. *See Collins v. City of Harker Heights*, 503 U.S. 115, 128 (1992) ("[W]e have previously rejected claims that the Due Process Clause should be interpreted to impose federal duties that are analogous to those traditionally imposed by state tort law[.]").

After Manning fell, he alleges that he heard Correctional Officer Bishop come in. Manning yelled for help, but Bishop did not hear him and left five minutes later. Manning left the shower on his own and got dressed. He says he then told Correctional Officer Mathis about the incident and asked him to make a report because he almost broke his neck falling over a chair that was missing a screw and two of the rubber feet. Mathis did not get him medical help, even though it would have been obvious that Manning was hurt since he told him he almost broke his neck and had a large lump on his hand. All three correctional officers he spoke to did nothing and acted like they did not care that he was hurt. None of them showed any compassion, and he felt neglected.

At 4:00 pm, an hour and a half after he fell, Manning still had not been taken to see the doctor. At 5:46 pm, he told what had happened to a nurse passing out medication. She told him he would probably be seen by a nurse soon, and he was taken to see another nurse right away. That nurse found that his blood pressure was high and said she would bring him medication for

3

that. She noted that his hand was swollen, and he complained that his shoulder, collarbone, and ribs were sore. He was given ibuprofen and a muscle relaxant for his injuries, which were in addition to the Tylenol and Cymbalta that he was already taking for a previous fall. The next morning, his shoulder felt like it was shoved into his collarbone, and he could not take his shirt off without pain.

Pretrial detainees are entitled to constitutionally adequate medical care under the Fourteenth Amendment, which requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to their health or safety. *Pittman*, 108 F.4th at 572. Whether a defendant provided reasonable care is determined by a purely objective standard. *Id.* First, the plaintiff must allege the defendant did a volitional act or made a deliberate choice not to act. *Id.* "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley*, 576 U.S. at 396 (cleaned up). Then, the reasonableness of that action or inaction is assessed based on whether "reasonable officers under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman*, 108 F.4th at 572 (emphasis omitted). Whether the defendant actually knew that her action or inaction would cause harm is irrelevant under the Fourteenth Amendment. *Id.* "Reasonableness, in turn, must be determined in light of the totality of the circumstances." *Pulera v. Sarzant*, 966 F.3d 540, 550 (7th Cir. 2020).

According to his timeline, Manning was seen by a nurse about three hours after he fell. There are no facts alleged that make a three-hour wait to get medical attention objectively unreasonable. The Court cannot reasonably infer from the complaint that Manning needed emergency medical care or otherwise suffered an injury so obvious that jail staff should have easily recognized the immediate need for a doctor's attention. A three-hour wait is not

4

unreasonable and not unlike a typical wait for medical care outside of jail for a nonemergency medical issue. Of note, the injuries here required only pain medication, further supporting an inference that the need for medical care was not an emergency.

This complaint does not state a claim for which relief can be granted. If Manning believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the Court after he properly completes the form.

For these reasons, the Court:

(1) GRANTS William L. Manning until **November 5, 2024**, to file an amended complaint; and

(2) CAUTIONS William L. Manning if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 7, 2024.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT